## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

This Confidential Settlement Agreement and Mutual General Release ("Agreement'), is entered into by and between Carmen Caraballo on behalf of herself, her heirs, executors, administrators, legal representatives and assigns ("Caraballo") and Impro Synergies, LLC ("Impro"). Hereinafter, Caraballo and Impro may be collectively referred to as the "Parties."

WHEREAS, Caraballo filed an action against Impro in the United States District Court for the Middle District of Florida alleging claims under the Fair Labor Standards Act ("FLSA") and federal law titled, *Carmen Caraballo v. Impro Synergies LLC,* Case No.: 8:16-cv-03250-EAK-TBM, ("the Lawsuit");

WHEREAS, Impro denies any and all allegations of wrongdoing, liability or fault. To compromise, settle and resolve their differences without admitting the validity of or any liability for the claims asserted by Caraballo against Impro, the Parties have elected to voluntarily enter into this Agreement. Carballo agrees that neither this Agreement nor the furnishing of any consideration under this Agreement shall in any way be construed as an admission by Impro of any violation of any law or any other liability, including but not limited to FLSA or common law liability.

NOW WHEREFORE, in consideration of the promises and mutual covenants in this Agreement, the sufficiency of which is hereby acknowledged by the Parties, Caraballo and Impro agree as follows:

1.     **Payment of Consideration by Impro**.   Impro agrees to pay the total amount of Thirteen Thousand Five Hundred Dollars ($13,500.00), allocated as set forth below, in full resolution of any and all of Caraballo's claims for damages, unpaid wages, liquidated damages, and attorneys' fees and costs in the Lawsuit:

A.     A payroll check in the amount of $4,500.00 made payable to Carmen

1

Carballo representing alleged unpaid overtime. This amount shall be treated as wages with applicable taxes and legal deductions made; and

B.      A check in the amount of $4,500.00 made payable to Carmen Caraballo representing $4,500.00 in alleged liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued; and

C.      A check in the amount of $4,500.00 made payable to Caraballo's attorneys, Wenzel Fenton Cabassa, for attorneys' fees and costs. This amount was agreed upon separate and apart from the amounts paid to Caraballo.

The settlement payments described above will be made to Caraballo counsel's office (Wenzel Fenton Cabassa, P.A. c/o Luis A. Cabassa, 1110 N. Florida Ave., Suite 300, Tampa, FL 33602) within 15 days after the execution of this agreement by all Parties. Caraballo assumes all responsibility for the payment of any and all federal, state and/or Social Security taxes, which may be attributable to the amounts paid by Impro under this Agreement. Caraballo agrees to indemnify and hold harmless Impro and the Released Parties (as defined herein) from any and all claims for taxes and penalties which may be brought as a result of her failure to pay any and all federal, state, and/or Social Security taxes which may be attributable to the amounts paid by Impro under this Agreement.

2. **Full Relief of FLSA Claims**. Caraballo represents and acknowledges that the settlement proceeds identified herein constitute payment in full for all of her claims under the Fair Labor Standards Act at 29 U.S.C. §§ 201, *et. seq*., including claims for minimum wages and overtime compensation, liquidated damages and attorney's fees and costs and specifically agrees that the sums paid to her under this Agreement constitute adequate and ample consideration for the rights and claims that she is releasing and waiving under this Agreement, and for the other obligations imposed upon her by this Agreement.

3. **Dismissal of Lawsuit**. Upon receipt of the fully executed Agreement and the

DocuSign Envelope ID: C915B3DB-EE52-4892-84AB-F6240495EDC6

payments outlined in Paragraph 1, Impro shall file the Parties' Motion for Approval of Settlement and Dismissal of this matter with Prejudice. This Agreement and the promises and releases contained herein are conditioned on the Court's approval of all terms of the Agreement. In the event the Court does not approve the settlement as set forth in this Agreement, this Agreement and the releases contained herein shall become null and void.

4.     **Caraballo's Obligations to Impro and the Released Parties**.  Except as outlined in Paragraph 1 of this Agreement, Caraballo acknowledges that no other payments are due and owing to her as a result of the hours worked during her employment with Improor as a result of her employment with Impro in any way.  Caraballo further represents that, other than the pending Lawsuit, she has not initiated or instigated and shall not initiate or instigate any future judicial or administrative proceedings against Impro or the Released Parties (as defined herein) that in any way involve or relate to her employment with Impro, including but not limited to the allegations of the Lawsuit or the hours worked during her employment with Impro, in any forum as of the date of execution of this Agreement.

5.  **Mutual General Release**. Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions promises, terms and conditions of this Agreement, each Party hereby unconditionally, fully and finally releases and forever discharges all other parties form any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statue, settlement, equity or otherwise, whether fixed, liquidated, or contingent which they have, ever had, or may in the future claim to have against each other based on any act or omission concerning any matter, cause, or thing before the date of the Agreement and up to their time of execution of the Agreement by all parties, including but not limited to, those

DocuSign Envelope ID: C9A5B3DB-EEE3-4882-84AB-F6240495EDC6

directly or indirectly arising out of or under any other federal, state or local statue, ordinance, regulation, custom, rule or policy, or any cause of action in contract or tort, including any intentional torts (all of the foregoing are hereinafter referred to collectively as the "Released Claims").  Caraballo releases any and all Released Claims she has, had, or may have against Impro and its respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, accountants and attorneys (the "Released Parties"). The Released Claims released by Caraballo include but are not limited to:

a.   Any and all claims for damages, salary, wages, compensation, overtime compensation, minimum wages, monetary relief, actions arising out of her employment, benefits, including but not limited to any claims for benefits under an employee benefit plan or any retirement plan, profit-sharing, capital stock, bonuses, merit and longevity increases, and all other benefits of all kind, earnings, back-pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made whole, injunctive and declaratory relief, interest, attorneys' fees, and costs , placement of services or otherwise;

b.   Any and all claims growing out of, resulting from, related to, or connected in any way to Plaintiff's relationship and/or employment and the termination/separation thereof with Impro or any of the Released Parties including, but not limited to, any and all claims  of discrimination including, but not limited to, discrimination on the basis of any protected characteristic (such as race, national origin, citizenship, color, religion, marital status, handicap

or disability, age, or sex, among others), harassment of any kind including sexual harassment,

retaliation, whistle blowing, breach of contract, rescission, promises, claims under the Employee

Retirement  Income Security Act of 1974 [29 U.S.C. Sections 1001-1461], as amended; torts of

all kinds including, but not limited to, misrepresentation, negligent or otherwise, fraud,

defamation, slander, libel, duress, fraudulent inducement, workers' compensation retaliation,

interference with an advantageous business relationship, negligent employment, including

negligent hiring, negligent retention and negligent supervision; claims or rights under state and

federal whistleblower legislation including the  Consolidated Omnibus Budget Reconciliation

Act of 1985 [Pub. L. 99-509], as amended ("COBRA"); the Sarabanes-Oxley Act of 2002

[Public Law 107-204, 116 Stat. 745] ("S-OA"); the health Insurance Portability and

Accountability Act of 1996, as amended ("HIPAA"); the Family and Medical Leave Act [29

U.S.C. Sections 2601-2654], as amended ("FMLA");  the Congressional Accountability Act of

1995 [2 U.S.C. Sections 1311-1317], as amended; the Age Discrimination in Employment Act

[29 U.S.C. § 621 et seq.] ("ADEA"), as amended; the Americans with Disabilities Act [42

U.S.C. Sections 12101-12213], as amended ("ADA"); the ADA Amendments Act of 2008

("ADAAA"); the Rehabilitation Act of  1973 [29 U.S.C. Section 621-630] ("OWBPA"); the

Internal Revenue Code [Title 26, U.S.C.], as amended ("IRC"); the Equal Pay Act [29 U.S.C.

Section 206 (d)], as amended ("EPA"); the Lilly Ledbetter Fair Pay Act of 2009; Title VII of the

Civil Rights Act of 1964 [42 U.S.C. Sections 2000e-2000e-17], as amended("CRA"); the Civil

Rights Act of 1991; Elliott-Larsen Civil Rights Act, as amended; Florida Civil Human Rights

Act [Fla. Stat. Ann. Sections 760.01 et seq.], as amended; The AIDS Act [Fla. Stat. Ann.

Sections 760.50 et seq.]; Florida Wage Discrimination Law [Fla. Stat. Ann. Section 725.07], as

amended; Florida False Claims Act [Fla. Stat. Ann. Sections 68.081 et seq.]; Whistleblower's

Act [Fla. Stat. Ann. Sections 112.3187 et seq.]; Wage Payment Laws [Fla. Stat. Ann. Sections 448.109 to 448.110]; the Revised Statues [42 U.S.C. Sections 1981, 1983 or 1985], as amended; the Fair Housing Act [42 U.S.C. Section 3604 et. seq.] as amended; Title IX of the Education Amendments of 1972 [20 U.S.C. Sections, 1681 et. seq.] as amended; the Federal False Claims Act [18 U.S.C. Sections 287, et seq. ] as amended ("FFCA"); the Program Fraud Civil Remedies Act [38 C.F.R. 42.1, et seq.], as amended ("FFCA"); the Uniformed Services Employment and Reemployment Rights Act of 1994 [28 U.S.C. Sections 4301-4333], as amended ("USERRA"; the National Labor Relations Act [29 U.S.C. Sections 151-169], as amended ("NLRA"); the Worker Adjustment and Retraining Notification Act [29 U.S.C. Sections 2101 et seq.], as amended ("WARN"); the Occupational Safety and Health Act [29 U.S.C. Sections 651-678], as amended ("OSHA"); the Fair Labor Standards Act [29 U.S.C. Sections 201-219], as amended ("FLSA"); any appeal of any order or judgment entered by the Court; and any other claim of any kind including his waiver of any right to appeal any judgment, order, or any other aspect of the claims asserted in Causes of Action; and

   c.  A waiver by Plaintiff of any rights action and administrative and judicial relief which Plaintiff might otherwise have available in any state and/or federal courts or administrative entity arising from Plaintiff's relationship or employment with Impro or the Released Parties including all common law claims, claims under federal and state constitutions, statutes and regulations, and federal executive orders; and county and municipal ordinances and regulations, and all available claims whatsoever. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Caraballo has or may have against Impro or the Released Parties as of the date of this Agreement.*

Plaintiff represents that she has not filed or induced others to file any other complaints, claims, actions, or charges against Impro or the Released Parties with any state, federal or local agency or court and that she knows of no facts which may lead to any complaints, claims, actions, or charges against Released Parties in or through any state, federal, or local agency or court.

6. **No Admissions**. By entering into this Agreement, no Party admits any liability, fault or wrongdoing. In fact, Impro denies any liability as alleged in the Lawsuit.

7. **Waiver of Reinstatement and Neutral Reference**. Caraballo agrees not to apply for, solicit, seek, or otherwise attempt to obtain or accept employment with, or to provide services in any manner to Impro and the other Released Parties. Caraballo further agrees that Impro and the other Released Parties shall not be under any obligation to employ or contract with her and that, should any application be made by her, they shall not have any obligation to process that application or to hire her and that the failure to process the application or to hire her and that the failure to process the application or to hire her shall not constitute a violation of any local, state or federal law. Defendant shall provide a neutral reference of employment for Plaintiff to Plaintiff's attorney within 15 days of execution of this agreement.

8. **Confidentiality**. Except where compelled by law, where necessary to seek court approval, or where necessary to enforce any term of this Agreement in a legal proceeding, the Parties agree not to disclose or publicize the terms or existence of this Agreement to anyone other than their spouse(s), attorney(s) and tax advisor(s) or accountant(s), all of whom shall be notified of this limitation and agree to be bound by the terms of the confidentiality provision of thisAgreement prior to discussion of these matters. If asked about this matter by anyone else, Caraballo agrees only to state the she has elected not to pursue the matter further.

9. **Non-Disparagement.** The Parties agree that they will not (i) disparage or encourage or induce others to disparage the other party or (ii) engage in any conduct or induce

7

any other person to engage in any conduct that is any way injurious to either party's reputation
and interests (including, without limitation, any negative or derogatory statements or writings).

10.      **Payment of Attorney's Fees**.  Each Party shall be responsible for payment of
their own attorneys' fees and costs, except as provided in Paragraph 1.

11.      **Authority to Enter Into Agreement**.  The Parties represent and warrant that they
are authorized to enter into and that they have the authority to perform the terms of this
Agreement.  The Parties represent and warrant that they have not sold, assigned, transferred,
conveyed or otherwise disposed of all or any portion of the Release Claims.

12. **Severability**. If any provision of this Agreement or the application thereof to any
party or circumstances shall be determined to be invalid or unenforceable to any extent, the
remainder of this Agreement and the application of such provisions to any other party or
circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted
by law.

13. **Execution of Agreement in Subparts**.  This Agreement may be executed in any
number of counterparts, each of which shall be deemed to be an original, but all of which
together shall constitute one and the same instrument.  Facsimile and electronic copies of the
executed Agreement shall have the same force and effect as an original copy.

14. **Right to Attorney's Fees for Enforcement**.  In an event any Party breaches this
Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement
in Court seeking all remedies available to it both in law and equity.  The Prevailing Party shall be
entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this
Agreement, including all fees and costs through all appeals.

15.    **Choice of Law and Venue**.  This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles.  The courts of Hillsborough County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

16.    **No Reliance on Other Statements**.  Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warrant or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

17.    **Full Participation**. The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement.  No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

18.    **Additional Facts**.  The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.  The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

19.    **Consultation**. The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement.  The Parties understand that whether or not they consult with an attorney is their decision.  In this respect, Caraballo has consulted with and been advised by Mr. Luis Cabassa, Esquire in this matter and is satisfied that Mr. Luis Cabassa has provided

her with legal advice and has explained to her all of her options in connection with this

Agreement.  In addition, Impro Synergies LLC has consulted with and been advised by Matthew

Okell, Esquire in this matter and are satisfied that Mr. Okell has provided legal advice and has

explained to the Company its options in connection with the Agreement.

20.     **Effective Date**.  This Agreement becomes effective and enforceable against the

Parties upon the Court's approval of the Agreement.

21.     **Amendment.**  This Agreement may not be amended except by written agreement

signed by Caraballo and Impro.

22.     **Full and Knowing Acceptance**.  This Agreement, consisting of eleven (11)

pages, is freely and voluntarily entered into by the Parties.  The parties acknowledge that they

have read this Agreement and that they understand the words, terms, conditions and legal

significant of this Agreement.

DATE: _1/23/2017_____

Carmen Caraballo


DATE: _25 Jan 17_____

Impro Synergies LLC